IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MID-CONTINENT CASUALTY
COMPANY,
                    Plaintiff,
          vs.                                **Case No. 05-4029-RDR**

SOUTHEAST KANSAS INDEPENDENT
LIVING RESOURCE CENTER, INC.;
ALISHA HUNTER; MISTY BOWDRE,
Administrator of the Estate
of Damon Gross, Deceased;
J.G. and J.G., Minors and
the Heirs-at-Law of Damon
Gross, Deceased, By and
Through their Guardian, Misty
Bowdre,
                    Defendants.

_____

**MEMORANDUM AND ORDER**

This is a declaratory judgment action filed by the plaintiff insurance company.  Plaintiff seeks a judgment that a policy it issued to defendant Southeast Kansas Independent Living Resource Center, Inc. ("SKIL") does not obligate plaintiff to indemnify or defend SKIL with reference to claims arising from a motor vehicle accident in Parsons, Kansas.  In essence, plaintiff seeks a declaratory judgment that James Kleinsorge, an employee of SKIL, was not acting within the scope of his employment at the time that he was operating a motor vehicle which was involved in a fatal collision with a motorcycle rider, and that the insurance policy issued to SKIL excludes coverage of negligent hiring for damages arising out of an employee's use of

a vehicle.  This case is now before the court upon the motion to dismiss filed by defendants other than SKIL who are parties to a civil damages action arising from the collision which is filed in the state district court for Labette County, Kansas.

The following facts appear to be undisputed.  On April 24, 2003 James Kleinsorge, an employee of SKIL, was driving his Ford Windstar van and returning home after finishing his last client visit of the day as part of his job with SKIL.  Kleinsorge owned the van and used it to make client visits in connection with his employment.  As he was traveling through an intersection in Parsons, Kansas, he collided with a motorcycle operated by Damon Gross.  Alisha Hunter was a passenger on the motorcycle.  Gross died as a result of the collision.  Hunter and the estate and heirs of Gross have made tort claims against Kleinsorge and SKIL in Labette County state court.

Plaintiff in this declaratory judgment action has issued a commercial general liability insurance policy to SKIL which was in force at the time of the accident.  Plaintiff filed this declaratory judgment action on March 9, 2005 seeking a determination of whether liability coverage and a duty to defend exists under the policy it issued to SKIL.  The negligence action against Kleinsorge and SKIL was filed in state district court on March 28, 2005.

2

The argument made in the instant motion to dismiss is that this court should not exercise jurisdiction over this case. The discretion of the court in this matter and the standards to consider in exercising that discretion were reviewed in <u>Federal Insurance Co. v. Sprint Corporation</u>, 293 F.Supp.2d 1245, 1246-47 (D.Kan. 2003):

> The Declaratory Judgment Act provides, in part, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . . ." 28 U.S.C. § 2201(a). While the Act grants jurisdiction to district courts to declare the rights of parties, district courts "[are] under no compulsion to exercise that jurisdiction." [<u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 494 (1942) additional citations omitted]. . . . A district court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." <u>Kunkel v. Cont'l Cas. Co.</u>, 866 F.2d 1269, 1276 (10th Cir. 1989). Moreover, the court may decline to hear a declaratory judgment action if it determines that the plaintiff is using the action for "procedural fencing." [<u>St. Paul Fire & Marine Ins. Co. v. Runyon</u>, 53 F.3d 1167, 1170 (10th Cir. 1995) (citing <u>Franklin Life Ins. Co. v. Johnson</u>, 157 F.2d 653, 656 (10th Cir. 1946)].
>
> In <u>Brillhart</u>, the Supreme Court identified several factors that a district court should consider in deciding whether to exercise jurisdiction over a declaratory judgment action:
>
>> A district court should evaluate the scope of the state proceeding, whether the claims of all parties can be adjudicated in that proceeding, whether necessary parties have been joined, whether they are amenable to

process, and any other factor bearing on the
central question of which forum can better
resolve the controversy.

U.S. v. City of Las Cruces, 289 F.3d 1170, 1187 (10th
Cir. 2002) (citing Brillhart, 316 U.S. at 495, 62
S.Ct. 1173).

The Tenth Circuit has indicated that several
additional factors are relevant:

(1) whether a declaratory action would
settle the controversy; (2) whether it would
serve a useful purpose in clarifying the
legal relations at issue; (3) whether the
declaratory remedy is being used merely for
the purpose of "procedural fencing" or "to
provide an arena for a race to res
judicata"; (4) whether use of a declaratory
action would increase friction between our
federal and state courts and improperly
encroach upon state jurisdiction; and (5)
whether there is an alternative remedy which
is better or more effective.

State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983
(10th Cir. 1994) (quoting Allstate Ins. Co. v. Green,
825 F.2d 1061, 1063 (6th Cir. 1987)); accord Runyon, 53
F.3d at 1169 (quoting Mhoon, 31 F.3d at 983).

In the case at bar, plaintiff admits that the determination

of whether there is coverage under the policy for Kleinsorge's

alleged negligence is the same issue as that presented in the

state court litigation, namely, whether Kleinsorge was acting

within the scope of his employment at the time of the collision.

This is a fact dependent issue and, thus, the statement made by

the Tenth Circuit in Kunkel and quoted above counsels against

exercising jurisdiction.

4

A decision by this court upon the issue presented for declaratory judgment will not settle the complete legal controversy between the various parties.  There are damages issues and claims against Kleinsorge that may not be resolved by deciding the claim presented for declaratory judgment.  A declaratory judgment in this case may clarify the legal relations at issue to some degree, but not without the cost of the current parallel state court action.  Thus, clarifying legal relations is not a strong argument for exercising jurisdiction.  See <u>Graceland v. Intellectual Equities</u>, 942 F.Supp. 1404, 1406 (D.Kan. 1996).

While the instant lawsuit may not be filed for the purpose of "procedural fencing," it does appear to be part of a race to res judicata.  That race does not necessarily go to the first to file, when other factors favor "giving priority to the later-filed action."  <u>Graceland</u>, 942 F.Supp. at 1405.  This case appears to be a reaction to the imminent filing of the state court case.  Therefore, we do not place a priority upon the fact that plaintiff filed this action before defendants filed the state court action.  See <u>American Family Mutual Ins. Co. v. Crapo</u>, 1994 WL 373889 (D.Kan. 6/22/1994) (citing <u>Continental Cas. Co. v. Robsac Indus.</u>, 947 F.2d 1367, 1372 (9th Cir. 1991); <u>Federal Ins. Co. v. May Dep't Stores Co.</u>, 808 F.Supp. 347, 350

(S.D.N.Y. 1992)).

This lawsuit involves a factual issue of whether Kleinsorge was acting within the scope of his employment; so does the parallel state litigation. The exercise of jurisdiction by this court to attempt to decide that issue could encroach upon state jurisdiction and potentially increase friction between federal and state courts. We also note that the exercise of jurisdiction over this matter appears at odds with cases applying Kansas law regarding declaratory judgment actions. E.g., State Farm Fire and Cas. Co. v. Finney, 770 P.2d 460 (Kan. 1989). Although federal law controls the decision in this case, state court precedent in this instance demonstrates an area of possible friction if this court chose to exercise jurisdiction.

Under the circumstances presented to the court, it appears that the state court action is the better and more effective forum to decide the issues in controversy. No one claims that the issues in this action will not be decided in the state court action or that any party would be precluded from asserting any claim or defense.

Plaintiff contends that the Tenth Circuit's decision in State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979 (10th Cir. 1994) provides the template for the correct holding. In Mhoon, the court held that there was no abuse of discretion for a district

court to assert jurisdiction in a declaratory judgment action. In that action, an insurance company claimed that it was not obligated to defend or pay claims arising from its policyholder's shooting of his neighbor because the shooting was intentional.

As in the case at bar, the neighbor sued in state court where the insurance company was not a party to the action. The Tenth Circuit noted that there was no material fact issue involved in the district court's decision. The court considered this an important factor:

> This is not a case, therefore, where the district court found a material factual dispute and proceeded to resolve it in the face of ongoing state proceedings on the same subject. That would present quite a different issue, particularly in light of the fact that . . . when summary judgment was granted, the state proceeding was quite far along. Even though a stay might be proper in such [a] case, a dismissal . . . would not be required, since the duty to defend and coverage issues would remain to be decided in light of the outcome of the state case.

31 F.3d at 984.

Based on the limited pleadings before the court in this case, we hesitate to conclude that there is no material issue of fact. The Tenth Circuit has stated: "Whether an employee is acting within the scope of his employment is generally a jury question." O'Shea v. Welch, 350 F.3d 1101, 1106 (10th Cir. 2003) (reversing summary judgment on issue of employer's vicarious

7

liability to a motor vehicle accident victim).  We acknowledge that summary judgment has been granted in Kansas to an employer in an arguably similar situation.  <u>Girard v. Trade Professionals, Inc.</u>, 50 F.Supp.2d 1050 (D.Kan. 1999) <u>aff'd</u>, 13 Fed.Appx. 865 (10th Cir. 2001); but see, <u>Mulroy v. Olberding</u>, 30 P.3d 1050, 1056-57 (Kan. App. 2001).  However, because this is generally a fact sensitive question and all the relevant facts may not be established or capable of being established without genuine dispute, we believe the case at bar is distinguishable from the <u>Mhoon</u> result, or at least that it would not be an abuse of discretion to decline to exercise jurisdiction.  Of course, any additional effort in this case to determine whether material issues of fact exist would increase the duplication of effort between this case and the state court case and strengthen the rationale for declining to exercise jurisdiction.

In sum, the court believes that this case can be distinguished from <u>Mhoon</u>.  The court also believes, after reviewing the factors recommended for our consideration, that we should not take action now to exercise jurisdiction to hear this declaratory judgment action. However, in light of the statement in <u>Mhoon</u> which suggests that a stay might be proper, the court shall stay any further action in this matter pending the outcome of the state court litigation.

8

Defendants' motion to dismiss shall be denied; however, the court shall stay further action in this case pending the outcome of the associated state court litigation.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2005 at Topeka, Kansas.


                                    s/Richard D. Rogers
                                    United States District Judge